IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN L. FUQUA,

                Petitioner,                  No. CIV S-08-1839 GGH

      vs.

CLAUDE E. FINN, et al.,

                Respondents.            __FINDINGS & RECOMMENDATIONS__

_____/

I. <u>Introduction</u>

          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 1988 petitioner was convicted of first degree murder and sentenced to 27 years to life.  The instant petition challenges the 2006 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

          Pending before the court is respondent's October 10, 2008, motion to dismiss on grounds that petitioner failed to exhaust state court remedies.  After reviewing the record, the court recommends that respondent's motion be granted.

/////

/////

/////

1

II.  <u>Legal Standard</u>

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276,  92 S. Ct. 509, 512 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert</u>. <u>denied</u>, 478 U.S. 1021 (1986).

III.  <u>Discussion</u>

        On June 11, 2008, the California Supreme Court denied petitioner's state habeas corpus petition raising the claims raised in the instant action by order citing <u>People v. Duvall</u>, 9 Cal. 4th 46, 474 (1995).  Motion to Dismiss, Exhibit B.  Under California law, a citation to <u>Duvall</u> indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations."  <u>Duvall</u>, 9 Cal.4th at 474.

        Respondent argues that the citation to <u>Duvall</u> demonstrates that the claims are not exhausted because they have not been properly presented to the California Supreme Court.  In particular, respondent argues that the claims are not exhausted because petitioner failed to present the transcript of the disputed parole hearing to the California Supreme Court.

        Attached as Exhibit A to the motion to dismiss is a copy of the petition filed by petitioner in the California Supreme Court challenging the 2006 decision by the BPH finding him unsuitable for parole.  While the petitioner clearly indicates the grounds on which petitioner is challenging the 2006 decision, no transcript from this hearing or other documentary evidence is attached to the petition.

/////

1    In <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319 (9th Cir. 1986) the Ninth Circuit

2 considered a state petition denied with a citation to <u>In re Swain</u>, 34 Cal.2d 300 (1949).  Like

3 <u>Duvall</u>, a citation to <u>Swain</u> stands for the proposition that a petitioner has failed to state his claim

4 with sufficient particularity.  In <u>Kim v. Villalobos</u>, the Ninth Circuit found that the <u>Swain</u> citation

5 indicated that the claims were unexhausted because their pleadings defects, i.e. lack of

6 particularity, could be cured in a renewed petition.  799 F.3d at 1319.

7    However, in <u>Kim v. Villalobos</u>, the Ninth Circuit also stated that it was

8 "incumbent" of the court, in determining whether the federal standard of "fair presentation" of a

9 claim to the state courts had been met, to independently examine Kim's petition to the California

10 Supreme Court.  <u>Id</u> at 1320.  "The mere citation of <u>In re Swain</u> does not preclude such review."

11 <u>Id.</u>

12    Because <u>Swain</u> and <u>Duvall</u> stand for the same proposition, pursuant to <u>Kim v.</u>

13 <u>Villalobos</u> the court will review petitioner's habeas petition filed in the California Supreme to

14 determine whether his claims were fairly presented.

15    This court finds that petitioner's failure to include a copy of the 2006 BPH

16 hearing transcript along with his petition would be sufficient justification for the California

17 Supreme Court to dismiss the petition under <u>Duvall</u> since it could not address the merits of the

18 petition's allegations in the absence of such a transcript.

19    The citation to <u>Duvall</u> does not foreclose petitioner from re-filing his petition in

20 the California Supreme Court along with additional information or documents that will permit

21 review of his claims on the merits.  For these reasons, the court finds that petitioner has failed to

22 exhaust his state court remedies.

23    Accordingly, IT IS HEREBY ORDERED that the Clerk shall assign a district

24 judge to this case.

25    IT IS HEREBY RECOMMENDED that respondent's October 10, 2008, motion

26 to dismiss (Docket no. 10) be granted.

1          These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within ten days after service of the objections.  The parties are advised

7   that failure to file objections within the specified time may waive the right to appeal the District

8   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: November 18, 2008                              /s/ Gregory G. Hollows

10  fuq1839.mtd                                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26